COURT (UNITED STATES v.). See Case No. 14,877a.

---

## Case No. 3,285.

### COURTNEY v. HUNTER.

[1 Cranch, C. C. 265.][1]

Circuit Court, District of Columbia. Nov. Term, 1805.

JURISDICTION OVER ADMINISTRATOR — STATUTE OF FRAUDS.

1. A defendant, who obtained letters of administration in Fairfax county, before the District of Columbia was separated from it, cannot, in a suit in the district, after its separation, sustain the plea of never administrator.

2. An implied promise is only coextensive with the consideration An implied promise, in con-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

sideration of assets alone, is a promise as administrator.

Verdict for the plaintiff, subject to the opinion of the court upon the following questions: —1. Whether the defendant, who obtained letters of administration in Fairfax county, before its separation from Virginia, can maintain the plea of "never administrator." 2. Whether it was necessary, under the statute of frauds, that the promise alleged in the 2d count should be in writing. The 1st count was upon the promise of the intestate. The 2d count was that in consideration that the intestate was indebted to the plaintiff, and that the defendant had assets, the defendant promised to pay, &c.

E. J. Lee, for defendant.

1. An administrator in Virginia is not an administrator here, unless he has letters of administration from the orphans' court of this county. Fenwick v. Sears' Adm'r, 1 Cranch [5 U. S.] 259. The defendant might have been sued as executor de son tort. In Virginia he could not be sued as administrator until administration granted. Estates in Alexandria are to be administered as in Maryland, pari passu. If he is bound to pay as administrator, and yet cannot collect the assets, how can he avoid a devastavit? How can he ever plead plene administravit? How can he maintain a counter suit? The 2d count charges the defendant personally, upon his own promise, and the judgment will be de bonis propriis; he cannot be charged upon such a promise to pay out of his own estate, without a note in writing according to the statute of frauds. Rose v. Bowler, 1 H. Bl. 108; Segar v. Atkinson, Id. 102; Lewis v. Lewis, Id. 112, note; Rann v. Hughes, 7 Term R. 350, note; Hawkes v. Saunders, Cowp. 289.

Mr. Youngs, for plaintiff, was stopped by THE COURT on the 2d point. As to the 1st point: If an administrator in Virginia goes into Maryland, is he not liable there? He cannot be sued as executor de son tort, because he had rightful possession of the assets. If sued as administrator in Maryland, he may plead plene administravit according to the laws of Virginia.

THE COURT gave judgment for the plaintiff upon both points. The case of Rann v. Hughes [supra] seems decisive, on the 2d point, that the implied promise can only be coextensive with the consideration. If the consideration be assets merely, the implied promise is a promise as administrator, and the judgment is de bonis testatoris. If the consideration be personal the implied promise is personal, and the judgment de bonis propriis.